UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------X

MOHAMMAD ARJUMAND,

               Plaintiff,

      -against-

LAGUARDIA ASSOCIATES, L.P. d/b/a LA GUARDIA
PLAZA HOTEL, LAGUARDIA EXPRESS LLC d/b/a
HAMPTON INN LAGUARDIA AIRPORT, FIELD
FAMILY ASSOCIATES LLC d/b/a HAMPTON INN
JFK, FIELD HOTEL ASSOCIATES, L.P., NEW PENN
MANAGEMENT, MARTIN W. FIELD, and STEPHEN
FIELD,

               Defendants.

-------------------------------------------------------------------------X

**DECISION AND ORDER**
14-CV-4618 (WFK) (RLM)

**WILLIAM F. KUNTZ, II, United States District Judge**

        Plaintiff Mohammad Arjumand ("Plaintiff") sues Laguardia Associates, L.P. d/b/a La Guardia Plaza Hotel ("Laguardia Associates"), Laguardia Express LLC d/b/a Hampton Inn Laguardia Airport ("Hampton Inn LGA"), Field Family Associates LLC d/b/a Hampton Inn JFK ("Hampton Inn JFK"), Field Hotel Associates, L.P. ("Field Associates"), New Penn Management ("NPM"), Martin W. Field, and Stephen Field (collectively, "Defendants") for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), New York Labor Law §§ 190 *et seq*, and breach of contract, unjust enrichment, and unpaid benefits under New York State law. Dkt. 1 ("Compl."). Plaintiff alleges that Defendants failed to pay Plaintiff a promised salary increase and failed to pay Plaintiff for unused vacation days. *Id.* at ¶¶ 40, 48, 53, 57, 62. Defendants filed a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) because: (1) Plaintiff's claims against Hampton Inn JFK are time barred by Hampton Inn JFK's Third Amended Plan of Reorganization; (2) Plaintiff's claims against Laguardia Associates are time barred by Laguardia Associates' Fifth Amended Plan of Reorganization; (3) Plaintiff does not state a claim under FLSA because FLSA does not provide a statutory entitlement to a raise or to vacation pay; and (4) Plaintiff's state law claims should be dismissed if the FLSA claim, Plaintiff's only federal claim, is dismissed. Dkt 10-12 ("Memo in Support"). Plaintiff contests Defendants' motion, arguing (1) Plaintiff was never provided actual notice of the bar date; and (2) Plaintiff has a FLSA claim for non-payment of wages. Dkt. 10-16 ("Memo in Opp."). For the reasons set forth below, Defendants' motion is hereby GRANTED, and Plaintiff's claims are dismissed in their entirety, with prejudice as to certain claims.

## BACKGROUND

Laguardia Associates, Hampton Inn LGA, Hampton Inn JFK, Field Associates, and NPM are all New York corporate entities. Compl. at ¶¶ 4-8. Martin W. Field is an owner and manager of Laguardia Associates, Hampton Inn LGA, Hampton Inn JFK, and NPM (collectively, "Field Entities"). *Id.* at ¶ 9. Plaintiff does not include Field Associates in the list of corporate entities of which Martin W. Field is an owner and manager, and Martin W. Field's relationship to Field Associates is unclear. Stephen Field, Martin W. Field's son, is a shareholder and manager of the four Field Entities. *Id.* at ¶¶ 10, 32. As with Martin W. Field, Stephen Field's relationship to Field Associates is unclear. Plaintiff alleges that both Martin W. Field and Stephen Field "possess or possessed operational control over the Field Entities" and "determined the wages and compensation of . . . Plaintiff" at all times relevant to Plaintiff's complaint. *Id.* at ¶ 12.

On August 4, 2014, Plaintiff filed a complaint against Defendants alleging claims under FLSA, claims under New York Labor Law §§ 190 *et seq*, and breach of contract, unjust enrichment, and unpaid benefits claims under New York State law. Compl. at ¶¶ 38-66.

In his Complaint, Plaintiff alleges that in April 2011, Plaintiff was hired as a part-time comptroller for Laguardia Associates by Martin W. Field. *Id.* at ¶ 16.

Seven months later, in December 2011, Laguardia Associates filed for Chapter 11 Bankruptcy. *Id.* at ¶ 17. As part of that proceeding, Laguardia Associates was required to hire a full-time comptroller. *Id.*

On December 21, 2011, Plaintiff was offered the job of Director of Finance for Laguardia Associates, which he took. *Id.* at ¶ 18. Plaintiff was offered a salary of $2,769.23 per week amounting to $144,000 per year. *Id.* at ¶ 19.

2

In June 2012, Hampton Inn JFK also filed for Chapter 11 Bankruptcy and was also required to hire a full-time comptroller. *Id.* ¶ 20. Six months later, in December 2012, Martin W. Field asked Plaintiff to take over the duties of comptroller for Hampton Inn JFK and Hampton Inn LGA, for which work he would receive a raise of $60,000 per year. *Id.* at ¶ 22. That month, Plaintiff was designated the full-time comptroller of Laguardia Associates, Hampton Inn JFK, and Hampton Inn LGA and his pay was split between the three entities. *Id.* at ¶¶ 23-24.

Plaintiff alleges that his three paychecks that month "all indicated that Plaintiff performed forty [] hours of work for each of" the three employing entities. *Id.* at ¶ 25. Plaintiff also alleges that "[a]s a result of Defendants['] salary splitting, Defendants failed to pay the proper taxes on Plaintiff['s] salary" which required Plaintiff to pay a $7,879 deficiency. *Id.* at ¶ 26.

Plaintiff further claims that Defendants required Plaintiff to use his own laptop at work and that they would not pay for Plaintiff to buy a new laptop when his old hard drive crashed. *Id.* at ¶¶ 27-29. Plaintiff therefore also sues Defendants for the $3,456.78 that he spent out of pocket in November 2013 to buy a new laptop. *Id.* at ¶ 29.

In November 2013, Plaintiff had a meeting with Martin W. Field. *Id.* at ¶ 30. At that meeting, Plaintiff asked Martin W. Field for his unpaid back pay. Martin W. Field told Plaintiff that "he would receive the back pay at a rate of $60,000 per year from December 2012 and going forward." *Id.* Following that meeting, however, Martin W. Field began to avoid Plaintiff and only Stephen Field continued to engage with Plaintiff at work. *Id.* at ¶ 31.

On March 7, 2014, Plaintiff resigned and left Defendants' employment immediately after receiving an e-mail from Stephen Field that Plaintiff felt was disrespectful. *Id.* at ¶¶ 33-34. At the time, Plaintiff had accrued 37.76 unused vacation days. *Id.* at ¶ 35.

On January 9, 2015, Defendants filed a motion to dismiss Plaintiff's complaint for failure to state a claim under Federal Rules of Civil Procedure 12(b)(6). The Court will address the standard for reviewing a motion to dismiss before addressing each of Defendants' claims that are subject to the current motion to dismiss.

## DISCUSSION

### I.    Legal Standard

To survive a motion to dismiss under Federal Rules for Civil Procedure Rule 12(b)(6), each claim must set forth sufficient factual allegations, accepted as true, "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation and quotation marks omitted). In applying this standard, the Court is guided by "[t]wo working principles." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). First, the Court must "accept[] all factual allegations in the complaint as true, and draw[] all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). However, the Court need not credit "legal conclusions" in a claim or "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Harris*, 572 F.3d 72 (quoting *Iqbal*, 556 U.S. at 678) (internal quotations and alteration omitted). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss," and "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (quoting *Iqbal*, 556 U.S. at 679) (internal quotations omitted).

4

## II.   Analysis

Defendants move to dismiss based on the following arguments: (1) Plaintiff's claims against Hampton Inn JFK and against Laguardia Associates are time barred by their respective Plans of Reorganization; (2) Plaintiff does not state a claim under FLSA because FLSA does not provide an entitlement to a raise or to vacation pay; and (3) Plaintiff's state law claims should be dismissed if the FLSA claim, the only federal claim, is dismissed.  Memo in Support.  Plaintiff contests Defendants' motion, arguing: (1) Plaintiff was never provided actual notice of the bar date for either Plan of Reorganization; and (2) Plaintiff has a FLSA claim for non-payment of wages.  Memo in Opp.  The Court will address each of the issues raised by Defendants' motion in turn.

### A.   Actual Notice of Time Bar for Plaintiff's Administrative Expense Claims

Defendants argue that Plaintiff's claims against Hampton Inn JFK and Laguardia Associates should be dismissed as the claims are time-barred pursuant to bar dates in Hampton Inn JFK's and Laguardia Associates' respective Plans of Reorganization.  Both parties agree that Plaintiff's compensation is an administrative expense of the bankruptcy estates of Hampton Inn JFK and Laguardia Associates.  Memo in Support at 5-7; Memo in Opp. at 2; *see also* 11 U.S.C. § 503(b)(1)(A)(i) ("Wages, salaries, and commissions for services rendered after the commencement of the [bankruptcy] estate" are considered administrative expenses of the bankruptcy estate.).  Plaintiff further concedes that both Hampton Inn JFK's and Laguardia Associates' plans of reorganization contained provisions for the payment of administrative expenses and a date after which such claims would be barred.  Memo in Opp. at 2.  Plaintiff's

only substantive argument in defense of his failure to claim his expenses before the bar date is that he was not provided with actual notice. *Id.* at 2-3.

It is well settled that "[a] debtor who fails to give notice to known potential creditors risks that its obligation to those creditors will not be discharged." *Philips Lighting Co. v. Schneider*, 05-CV-4820, 2014 WL 4274182, at *10 (E.D.N.Y. Aug. 28, 2014) (Townes, J.) (citations omitted). "[W]here the debtor is aware of the creditor, the creditor is entitled to actual notice of the bankruptcy proceedings and the order setting the claims filing bar date." *In re Nutri*Bevco, Inc.*, 117 B.R. 771, 778-79 (Bankr. S.D.N.Y. 1990) (Berk, Bankr. J.). Actual notice can be provided by service or by mail. *See, e.g.*, *In re Old Carco LLC*, 14-CV-2225, 2014 WL 6790781, at *4 (S.D.N.Y. Dec. 1, 2014) (Furman, J.) (noting receipt of actual notice by mailing); *Smalley v. Motors Liquidation Co. GUC Trust*, 11-CV-3823, 2012 WL 1659180, at *2 (S.D.N.Y. May 7, 2012) (Sand, J.) (noting that creditor "received actual notice of the Bar Date by mail"); *Cohen v. Doyaga*, 00-CV-2090, 2001 WL 257828, at *3 (E.D.N.Y. Mar. 9, 2001) (Block, J.) (noting that service accomplished by mail is "a method reasonably calculated to give [] actual notice"). Further, "notice sent by ordinary mail is deemed reasonably calculated to inform interested parties that their property rights are in jeopardy." *Weigner v. City of New York*, 852 F.2d 646, 650 (2d Cir. 1988) (internal citations omitted). There is no requirement of "actual receipt of notice that is property mailed[;]" instead, "the risk of non-receipt is constitutionally acceptable." *Id.* at 650-51.

Here, Plaintiff alleges that he did not receive actual notice of the Plans of Reorganization of either Hampton Inn JFK or Laguardia Associates. Memo in Opp. at 3.

With respect to Laguardia Associates, Defendants have provided the Court with a copy of Laguardia Associates' "Notice of Effective Date of Debtor's Fifth Amended Chapter 11 Plan"

and have provided a certificate of service certifying that a copy of the Notice was sent by first-class mail to Plaintiff at his last known address. *See* Dkt. 10-18 ("Notice"); Dkt 10-17 ("Cert. of Serv") at 1, 21. Therefore, as a matter of law, Plaintiff received actual notice of Laguardia Associates' bar date. As a result, Plaintiff cannot state a cause of action as to Laguardia Associates because his cause of action is time-barred.

With respect to Hampton Inn JFK, however, Defendants have not provided any evidence that actual notice with respect to its Third Amended Plan of Reorganization was provided to Plaintiff. Plaintiff, therefore, can state a claim against Hampton Inn JFK since Defendants cannot show they provided him with actual notice, a requirement to find that his cause of action is time-barred. *See, e.g., Philips Lighting Co.*, 2014 WL 4274182, at *10 (citations omitted).

Based on the foregoing, the Court GRANTS Defendants' motion to dismiss the complaint as against Laguardia Associates, but DENIES Defendants' motion to dismiss the complaint as against Hampton Inn JFK. Further, because any attempt by Plaintiff to replead claims against Laguardia Associates would be futile given his actual notice of the reorganization plan and bar date, those claims are dismissed WITH PREJUDICE.

## B. Plaintiff's FLSA Claim for a Raise and Vacation Pay

Plaintiff brings an FLSA claim for denial of a raise and for unpaid vacation days. Compl. at ¶¶40-41, 62. Under FLSA, "[e]mployees do not have a statutory entitlement to accrued vacation pay." *Isaacs v. Cent. Parking Sys. of N.Y., Inc.*, 10-CV-5636, 2012 WL 957494, at *6 (E.D.N.Y. Feb. 27, 2012) (Vitaliano, J.) (citing *Sosnowy v. A. Perri Farms, Inc.*, 764 F. Supp. 2d 457, 462-63 (E.D.N.Y. 2011) (Spatt, J.) ("FLSA does not provide recovery for accrued vacation and sick time.")). FLSA also provides no statutory right to a raise. *See, e.g.*, U.S. Dep't of Labor, Wage & Hour Div., Handy Reference Guide to the Fair Labor Standards Act (Nov. 2014),

*available at* http://www.dol.gov/whd/regs/compliance/hrg.htm ("FLSA does not require . . .

vacation, holiday, severance, or sick pay . . . [or] pay raises."). As a result, Plaintiff's allegations

are not actionable under FLSA. Therefore, the Court GRANTS Defendants' motion to dismiss

on this issue WITH PREJUDICE because these claims are never cognizable under FLSA.

### C. Plaintiff's FLSA Claim for Unpaid Wages

Plaintiff's allegations that he has a cause of action for non-payment of wages pursuant to

FLSA can be dismissed on procedural grounds because this allegation is nowhere to be found in

plaintiff's original complaint. *Compare* Compl. *with* Memo in Opp. at 4-6. Plaintiff cannot use

his brief to set forth allegations because "[i]t is long-standing precedent in this circuit that parties

cannot amend their pleadings through issues raised solely in their briefs." *Fadem v. Ford Motor

Co.*, 352 F. Supp. 2d 501, 516 (S.D.N.Y. 2005) (Haight, J.); *see also Tappin v. Metro. Sub. Bus

Auth.*, 12-CV-2016, 2014 WL 1330649, at *5 (E.D.N.Y. Mar. 31, 2014) (Seybert, J.) ("Plaintiff

cannot amend [his] pleadings through [his] briefs.") (citations omitted). As a result, Plaintiff has

not stated a cause of action under the FLSA for unpaid wages. Therefore, these claims are

DISMISSED.

### D. Plaintiff's State Law Claims

Defendants argue "the Court should decline to exercise supplemental jurisdiction over

Plaintiff's remaining state law claims, which should be dismissed without prejudice to re-filing

in state court." Memo in Support at 9. Plaintiff concedes "[i]n the event the Court dismisses

Plaintiff's [FLSA claim], the Court should dismiss all remaining causes of action without

prejudice." Memo in Opp. at 6. As the Court has dismissed Plaintiff's FLSA claims, the Court

hereby DISMISSES Plaintiff's state law claims WITHOUT PREJUDICE.  Plaintiff is free to file any remaining state law claims in state court.

## CONCLUSION

Accordingly, on the basis of the record and law as set forth above, the Court GRANTS Defendants' motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Plaintiff's claims against Laguardia Associates and claims for a raise and vacation pay under FLSA are DISMISSED WITH PREJUDICE.  Plaintiff's state law claims are DISMISSED WITHOUT PREJUDICE to re-filing in state court.  The Clerk of Court is hereby ordered to close this case.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: *Mar 30*, 2015
      Brooklyn, New York